1  LANAHAN & REILLEY
   MICHAEL J.M. BROOK  SBN 139595
2  600 BICENTENNIAL DR STE 300
   SANTA ROSA  CA  95403
3  (707) 524-4200; (FAX) 523-4610
   e-mail mbrook@lanahan.com
4

5  Attorney for Plaintiff

6

7                 **UNITED STATES DISTRICT COURT**

8             **EASTERN DISTRICT OF CALIFORNIA**

9

10  WILLIAM BARDIN,                          CASE NO. 2:09-CV01593-WBS-KJM

11          Plaintiff,                       FIRST AMENDED COMPLAINT FOR:
    v.
12                                           1. VIOLATION OF THE TRUTH IN
    COUNTRYWIDE HOMELOANS, INC.,                LENDING ACT (15 U.S.C. § 1601 et
13  BAC HOME LOANS SERVICING, LP, A             seq.)
    SUBSIDIARY OF BANKOF AMERICA,            2. VIOLATION OF CALIFORNIA
14  N.A.; AMERICAHOMEKEY;                       ROSENTHAL ACT
    MORTGAGE ELECTRONIC                      3. NEGLIGENCE
15  REGISTRATION SYSTEMS, INC.; US           4. VIOLATION OF REAL ESTATE
    FUNDING GROUP, INC.; JOHN MORRIS            SETTLEMENT PROCEDURES ACT
16  and DOES 1-20 inclusive,                    (12 U.S.C. § 2605 et seq.)
                                             5. BREACH OF FIDUCIARY DUTY
17          Defendants.                      6. FRAUD
                                             7. VIOLATIONS OF CALIFORNIA
18  _____/           BUSINESS & PROFESSIONS CODE §
                                                17200 et seq.
19                                           8. BREACH OF CONTRACT
                                             9. BREACH OF IMPLIED COVENANT
20                                              OF GOOD FAITH AND FAIR
                                                DEALING
21
                                             DEMAND FOR JURY TRIAL
22

23

24

25

26

27

28

---

                             1
                  FIRST AMENDED COMPLAINT

Plaintiff William Bardin ("Plaintiff"), by and through his counsel, for his First Amended Complaint against Defendants Countrywide Homeloans, Inc., BAC Home Loans Servicing, LP, a subsidiary of Bank of America, N.A. ("Countrywide"), Americahomekey, Mortgage Electronic Registration Systems, Inc. ("MERS"), US Funding Group, Inc. ("US Funding"), John Morris ("Morris") (collectively "Defendants"), pleads as follows:

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction based on federal question under 28 U.S.C. §§ 1331 and 1367, 18 U.S.C. § 1964(c) and 15 U.S.C. § 1640(e).  This is an action asserting violations of federal statutes commonly known as the Truth In Lending Act ("TILA") (15 U.S.C. § 1601 et seq.), the Real Estate Settlement Procedures Act ("RESPA") (12 U.S.C. 2601 et seq.) and its implementing regulations, 12 C.F.R. Part 226, et seq. ("Regulation Z"), with additional claims under California state law.  These claims all arise out of the same controversy and sequence of events.

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events giving rise to the claim occurred in this judicial district.

3.      This Court has personal jurisdiction over the parties as all Defendants engage in business within the State of California and the Eastern District and thus have sufficient contacts.

4.      Jurisdiction of this Court for the pendent state claims is authorized by Federal Rule of Civil Procedure 18(a).

5.      Defendants, and each of them, regularly engage in business in the State of California and regularly provide mortgage loans and related services to residents in the State of California who wish to obtain a mortgage loan, and who contact or are contacted by a loan officer for assistance in obtaining the necessary financing.

6.      Plaintiff brings this action against Defendants for damages and harm resulting from the Defendants' negligent, fraudulent and unlawful conduct concerning a residential mortgage loan transaction with the Plaintiff. The residential mortgage concerned the property located at 4525 McDonald Drive, Sacramento, County of Sacramento, State of California.

**PARTIES**

7.    The residential property, subject to this First Amended Complaint, is located at 4525 McDonald Drive, Sacramento, County of Sacramento, State of California ("Property").

8.    Plaintiff is informed and believes, and thereon alleges that at all times mentioned in this First Amended Complaint, Defendants Countrywide, Americahomekey, and MERS,  are diversified financial marketing and/or services corporations engaged primarily in residential mortgage banking and/or related businesses.

9.    Defendant MERS is a Delaware corporation engaged in the business of holding title to mortgages.  It does business in California as evidenced by inclusion of its name on the Deed of Trust.  MERS was not registered to do business in California, and its agent for service of process resigned March 25, 2009.  The Deed of Trust in this case states:

> "The beneficiary of this security instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS.  This security instrument secures to Lender (i) repayment of the Loan and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and Note.  For this purpose, the Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale the following described property.

10.    Defendant MERS' conduct, with respect to the Promissory Note and the Deed of Trust in this case, is governed by "MERS Terms and Conditions" applicable to Defendants which state that:

> "MERS shall serve as mortgagee of record with respect to all such mortgage loans solely as a nominee, in an administrative capacity, for the beneficial owner or owners thereof from time to time. MERS shall have no rights whatsoever to any payments made on account of such mortgage loans, to any servicing rights related to such mortgage loans, or to any mortgaged properties securing such mortgage loans. MERS agrees not to assert any rights (other than rights specified in the Governing Documents) with respect to such mortgage loans or mortgaged properties. References herein to "mortgage(s)" and "mortgagee of record" shall include deed(s) of trust and beneficiary under a deed of trust and any other form of security instrument under applicable state law."

11.    As a result of said express conditions, and pursuant to California Commercial Code §§ 1201(21), 3301, and 3309, MERS has no beneficial interest or right to enforce the terms

1    of the Promissory Note, because it is not in possession of the Promissory Note, and has no

2    authority to conduct a non-judicial foreclosure sale.

3         12.    At all times mentioned in this First Amended Complaint, Defendants US Funding

4    and Morris sold Plaintiff the mortgage involved herein.

5         13.    At all times mentioned in this First Amended Complaint, Defendant Morris was

6    the loan officer who sold Plaintiff the mortgage at issue.  Defendant Morris held himself out to

7    Plaintiff as a loan officer employed by Defendant US Funding, and was acting within the course

8    and scope of that employment when he came into contact with Plaintiff and sold Plaintiff the

9    mortgage at issue.  Though Defendant Morris held himself out to be a loan officer, there is no

10   record of him ever being licensed by the California Department of Real Estate.

11        14.    Plaintiff is ignorant of the true names and capacities of the Defendants sued herein

12   under the fictitious names Does 1 through 20, inclusive, and Plaintiff will amend this First

13   Amended Complaint to allege such names and capacities as soon as they are ascertained.  Plaintiff

14   is informed and believes, and thereon alleges that each of said fictitiously named Defendants are

15   responsible in some manner for the wrongful acts complained of herein.

16        15.    Defendants, and each of them, at all relevant times herein were and still are agents

17   for one another, and acting under the course and scope thereof, with knowledge and consent of

18   each other.

19                          **GENERAL ALLEGATIONS**

20        16.    This action arises out of a loan related activity to the Property of which the Plaintiff

21   is the rightful owner.

22        17.    Beginning in 1998, and such facts are so well known as to be Judicially Noticeable

23   under Federal Rule of Evidence 201 and California Evidence Code §§ 451 and 452, lenders, their

24   agents, employees, and related servicers, including Defendants, developed a scheme to rapidly

25   infuse capital into the home mortgage lending system by selling mortgages on the secondary

26   market, normally three to five times, to create a bankruptcy remote transaction. The lenders, their

27   agents, employees, and related servicers, including Defendants, then pooled these mortgages into

28

large trusts, securitizing the pool and selling these securities on Wall Street as mortgage backed securities, bonds, derivatives and insurances, often for twenty or thirty times the original mortgage.

18.    In "selling" these mortgage notes on the secondary market, Defendants failed to follow the basic legal requirements for the transfer of a negotiable instrument and an interest in real property.  While lenders could have simply gone to Congress to amend existing law so that it would allow for their envisioned transfers, they did not.  Instead the Defendants simply ignored the legal requirements.

19.    In fact, no interest in the Mortgage Note, Deed of Trust or Property was ever legally transferred to any of the Defendants, and that the Defendants are in effect straw men, and parties without any standing before this Court to assert legal rights with respect to this contractual transaction.

20.    Further, as this process became more and more profitable, the underwriting requirements were repeatedly reduced to ensure more and more unsuspecting borrowers.  As the lenders reduced the underwriting requirements, they introduced the concept of "churning" loans involving a calculated plan to repeatedly refinance borrowers' loans, taking as much equity as possible, and artificially driving up housing prices.

21.    Defendant Americahomekey included, regularly trained, directed, authorized and/or participated with mortgage brokers to implement this scheme, giving them monetary incentives to violate the borrowers' trust.

22.    On or about October 04, 2005, Defendant Morris approached Plaintiff telling him that he was the loan officer for Defendant US Funding, and solicited him to refinance his residence.

23.    Defendant Morris advised Plaintiff that he could get him the "best deal" and the "best interest rates" available on the market.  Defendant Morris knew or should have known that these assurances were false and misleading.

24.    Plaintiff is informed and believes, and thereon alleges that Defendant Morris

1  falsified Plaintiff's income on the loan application and hid this fact from Plaintiff.  Defendant

2  Morris stated on the loan application that Plaintiff made $8,900.00 per month when, in fact, his

3  net income was approximately $6,000.00 per month.

4         25.     Defendant Morris advised Plaintiff that he could get him 100% financing for his

5  residence, that his loan would be a fixed rate loan with affordable payments and no prepayment

6  penalty.  However, Defendant Morris actually sold Plaintiff a loan that he could not afford. .

7  Defendant Morris sold Plaintiff a loan for the purchase of his residence totaling $304,000.00. The

8  terms of the loan included a 1.500% a variable rate that adjusted from 1.500% to 9.950% and

9  carried an initial monthly payment of $1,049.17.

10         26.     Defendant Morris further advised Plaintiff that if the loan ever became

11  unaffordable, he would simply refinance it into an affordable loan, something Defendant Morris

12  knew or should have known was false and misleading.  Defendant Morris knew or should have

13  known that these misrepresentations were designed to induce Plaintiff to accept this loan to his

14  detriment.

15         27.     Plaintiff was not given a copy of any of the loan documents prior to closing as

16  required.  At closing, Plaintiff was only given a few minutes to sign the documents.  The notary

17  did not explain any of the loan documents nor was Plaintiff allowed to review them.  Plaintiff was

18  simply told to sign and initial the documents provided by the notary.  Further, Plaintiff did not

19  receive the required copies of a proper notice of cancellation.

20         28.     The facts surrounding this loan transaction were purposefully hidden to prevent

21  Plaintiff from discovering the true nature of the transaction and the documents involved therein.

22  Facts surrounding this transaction continue to be hidden from the Plaintiff to this day.

23         29.     On or about January 4, 2006, Plaintiff completed the loan on the Property. The

24  terms of the loan were memorialized in a Promissory Note, which was secured by a Deed of Trust

25  on the Property.  The Deed of Trust identified Placer Title Company as Trustee, and Defendant

26  Americahomekey as Lender.

27         30.     The Deed of Trust also identified MERS as nominee for the Lender and Lender's

28

1  successors and assigns, and the beneficiary.  MERS has no standing in this forum.  It is not

2  licensed to be and/or act as a nominee or a beneficiary of any of the Defendants, nor does its

3  Terms and Conditions, enumerated above, permit MERS to act in such capacity.  MERS was

4  developed to be a document storage company, not a nominee or a beneficiary of any of the

5  Defendants.  Therefore, the Deed of Trust must fail.  Further, MERS was not licensed to do

6  business in the State of California, and was not registered with the State of California at the

7  inception of the loan involved herein.

8      31.    On or about March 31, 2009, a Qualified Written Request under RESPA ("QWR"

9  or "Request") was mailed to Defendant Countrywide.  The QWR included a demand to rescind

10  the loan under the TILA provisions.  Defendant Countrywide has yet to properly respond to this

11  Request.

12      32.    On information and belief, Plaintiff alleges that each of the Defendants are not a

13  "person entitled to enforce" the security interest under the Note and the Deed of Trust, as defined

14  in California Commercial Code § 3301.  Defendants sold home loans, Plaintiff's home loan

15  included, to other financial entities, which "pooled" large numbers of loans, put them into trusts,

16  and sold securities based on such loans.  Defendants do not own the loan subject to this action,

17  and are not entitled to enforce the security interest.

18      33.    Defendants regularly approved loans to unqualified borrowers and implemented

19  unlawful lending practices.  Further, Defendant Americahomekey employed brokers and loan

20  officers who were paid commissions based on the volume of loans they sold to consumers,

21  Plaintiff included.  Defendant Americahomekey's loan officers received a greater commission or

22  bonus for placing borrowers in loans with relatively high yield spread premiums.  As such,

23  borrowers, Plaintiff included, were steered and encouraged into loans with terms unfavorable to

24  them, or loans which the borrowers, Plaintiff included, were not qualified to obtain.

25      34.    Defendants are now attempting to obtain putative legal title to Plaintiff's Property

26  without having established that either of them was ever a "person entitled to enforce" the security

27  interest under the Note and the Deed of Trust.

28

FIRST AMENDED COMPLAINT

1    35.    Each Defendant, in fact, is not a "person entitled to enforce" said interest.  No legal

2    transfer of the Mortgage Note, Deed of Trust or any other interest in Plaintiff's Property was ever

3    effected that gave any of the Defendants the right to be named a trustee, mortgagee, beneficiary or

4    an authorized agent of trustee, mortgagee or beneficiary of Plaintiff's Mortgage Note, Deed of

5    Trust or any other interest in Plaintiff's Property.

6    36.    Plaintiff entered into a loan transaction with Defendant Americahomekey, which

7    was subject to finance charges, and which was initially payable to Defendant Americahomekey

8    under the Deed of Trust.

9    37.    Plaintiff's Loan is subject to TILA provisions and its implementing regulations, 12

10    C.F.R. Part 226 ("Regulation Z").  TILA grants consumers a three-day right to cancel certain types

11    of real estate loan transactions. This three-day right to cancel applies to Plaintiff's Loan with the

12    Defendants.

13    38.    When the loan was consummated, Plaintiff did not receive the required documents

14    and disclosures, including, but not limited to the TILA disclosure, and the required number of

15    copies of the Notice of Right to Cancel stating the date that the rescission period expires.

16    39.    Under TILA and Regulation Z, Defendants were required to clearly and

17    conspicuously disclose the "amount financed" and the "finance charge," among other things, in

18    connection with the Loan.

19    40.    Defendants Americahomekey, as the agent of the Lender, was required to provide

20    Plaintiff with said disclosures, but failed to do so.

21    41.    In all of the wrongful acts alleged herein, Defendants, and each of them, have

22    utilized the United States mail, telephones and internet in furtherance of their pattern of unlawful

23    and illegal conduct to collect on negotiable instruments when they were not entitled to do so.

24    42.    Further, Defendants fraudulently added costs and charges to the payoff amount of

25    the Note that were not justified or proper under the terms of the Note or the law.

26    43.    Defendants represented that they have the right to payment under the Mortgage

27    Note, payment of which was secured by the Deed of Trust.  Whereas in fact, Defendants, and each

28

1  of them, are not the real parties in interest because they are not the legal trustee, mortgagee or

2  beneficiary, nor are they authorized agents of the trustee, mortgagee or beneficiary, nor are they in

3  possession of the Note, or holders of the Note, or non-holders of the Note entitled to payment, as

4  required by the California Commercial Code §§ 3301 and 3309, and California Civil Code § 2924

5  et seq.

6      44.     Defendants engaged in a civil conspiracy where by they secreted the nature of the

7  misdeeds alleged herein, the roles and identities of the various entities that were purportedly

8  handling his Loan at any given time, and the transfers of the loan documents and negotiable

9  instruments that are the subject of this action.

10     45.     Defendants misrepresented material facts with the intent of forcing Plaintiff to pay

11 large sums of money to the Defendants, to which they were not entitled, resulting in profit for the

12 Defendants.

13     46.     The misrepresentations and allegations stated herein were all discovered within the

14 past year, such that any applicable statute of limitations are extended or should be extended

15 pursuant to the equitable tolling doctrine or other equitable principles.  Even through the exercise

16 of reasonable diligence, Plaintiff would still not have been able to learn of or file his claim on

17 time.

18                        **FIRST CAUSE OF ACTION**

19                   **VIOLATION OF TRUTH IN LENDING ACT**

20                      **15 U.S.C. § 1601 et seq.**

21                   **(Against Defendant Americahomekey)**

22     47.     Plaintiff incorporates here each and every allegation set forth above.

23     48.     The Loan transaction at issue is a consumer credit transaction subject to the

24 provisions of TILA.

25     49.     TILA grants consumers a three-day right to cancel certain residential mortgage

26 loan transactions.  Pursuant to 15 U.S.C. § 1635(a), the three-day cancellation period begins upon

27 the latter of the following events: (1) the "consummation of the transaction"; (2) the "delivery of

28

1  the information and rescission forms" required by that section; or (3) delivery of accurate

2  "material disclosures" required by TILA.  (15 U.S.C. § 1635(a).)  The "material disclosures" that

3  must be provided to the consumer include accurate disclosure of the annual percentage rate, all

4  finance charges and the amount financed.  (15 U.S.C. § 1602(u).)

5        50.    If the required notice of cancellation is not provided, or if the required "material

6  disclosures" are not delivered, then the right to cancel extends to three years after the date of the

7  loan, or if the facts of the transaction were hidden from the consumer, three years from the date

8  consumer discovered the hidden facts.  (15 U.S.C. § 1635(f).)  If a consumer has the right to

9  rescind against a creditor, the right will also apply to any assignees of that creditor.  (15 U.S.C. §

10  1641(c).)

11        51.    A consumer may exercise their right to cancel a transaction by delivering a written

12  notification of the consumer's intent to rescind to the creditor's place of business.  (12 C.F.R. §

13  226.23(a)(2).)  The consumer's notice to rescind is effective upon mailing.  The notice mailed to

14  the agent servicing the loan is effective notice on the holder of the mortgage.  (12 C.F.R. §

15  226.23(a)(2).)

16        52.    When a consumer rescinds a mortgage transaction, the security interest giving rise

17  to the right of rescission becomes void and the consumer is not liable for any amount, including

18  any finance or other charge.  (15 U.S.C. § 1635(b).)

19        53.    Within twenty (20) days after the receipt of a consumer's election to cancel the

20  transaction, the creditor must return to the consumer all money or property given, including all

21  interest and finance charges paid, and shall take all action necessary or appropriate to reflect the

22  termination of any security interest created under the transaction.  (15 U.S.C. § 1635(b); 15 C.F.R.

23  § 226.23(d).)

24        54.    Defendant Americahomekey is a "creditor" as that term is defined by 15 U.S.C.

25  §1602.  The transaction between Plaintiff and Defendant Americahomekey was a consumer loan

26  transaction wherein Defendant Americahomekey extended credit to the Plaintiff, and such credit

27  was secured by an interest purportedly held by Defendant Americahomekey in the Property.

28

55.     As a consumer credit transaction, Defendant Americahomekey was required to provide Plaintiff with the mandatory TILA disclosure statements and the notice of the Plaintiff's right to rescind, specifying the date on which the three-day rescission period expires.

56.     Pursuant to Regulation Z, 12 C.F.R. § 226.23(a)(3), Plaintiff has a continuing right to rescind the loan transaction for up to three years after consummation of the transaction pursuant to 15 U.S.C. § 1635(a) and (f) and 12 C.F.R. § 226.23(b)(5).  Plaintiff hereby gives notice of rescission by and through this First Amended Complaint .

57.     In the course of the transaction described herein, Defendant Americahomekey violated TILA by failing to provide required disclosures prior to consummation of the transaction as required by 15 U.S.C. § 1638, failed to make required disclosures clearly and conspicuously in writing as required by 15 U.S.C § 1632(a), 12 C.F.R 226.5(a)(1), failed to timely deliver to Plaintiff TILA notices as required by 15 U.S.C. § 1638(b), and failed to disclose all finance charge details, the annual percentage rate based upon properly calculated and disclosed finance charges and amounts financed as defined by 15 U.S.C. § 1602(u).

58.     Records from the transaction indicate that Defendant Americahomekey extended credit to Plaintiff without regard to his ability to pay, and falsified requisite income and appraisal information to get the loan approved.  Defendant Americahomekey has engaged in a pattern and practice of extending credit to consumers, Plaintiff included, under high rate mortgages without regard to the consumers' repayment ability or the actual value of the property.

59.     Had Defendant Americahomekey properly and fully disclosed the terms of this loan pursuant to TILA, Plaintiff would not have agreed to enter into this loan transaction or would have sought a loan with more favorable terms elsewhere.

60.     Defendant Americahomekey is liable to the Plaintiff in the amount of twice the finance charge, actual damages to be established at trial, and costs in accordance with 15 U.S.C. § 1640(a).

61.     Plaintiff is also entitled to the following: rescission of the loan transaction; an order requiring Defendants to take any and all actions necessary to terminate any security interest

1  in the Property, and a declaration by the Court that the security interest is void; expungement of

2  any and all foreclosure instruments, including but not limited, to any Notice of Default or Notice

3  of Trustee's Sale relating to Plaintiff's Property from any public record; removal of any and all

4  derogatory information reported to any and all credit reporting agency or bureau relating to the

5  transaction involved herein; the return to the Plaintiff of any money given by the Plaintiff to any

6  of the Defendants in connection with the Loan transaction; statutory damages; costs and

7  reasonable attorney's fees; and such other relief as the Court may deem just and proper.

8      62.     As a result of Defendant Americahomekey's conduct, Plaintiff has suffered and

9  continues to suffer damages in an amount to be proven at trial, which he is entitled to recover.

10     63.     As a result of Defendant Americahomekey's conduct, Plaintiff is entitled to

11  declaratory and injunctive relief preventing Defendant Americahomekey from taking any action to

12  collect on the loan, and/or to transfer the Property.

13                          **SECOND CAUSE OF ACTION**

14                  **VIOLATION OF CALIFORNIA ROSENTHAL ACT**

15                    **CALIFORNIA CIVIL CODE § 1788 et seq.**

16                      **(Against Defendants Countrywide)**

17     64.     Plaintiff incorporates here each and every allegation set forth above.

18     65.     Plaintiff alleges that Defendant is a debt collector within the meaning of the

19  Rosenthal Act in that they regularly, in the course of their business, on behalf or themselves or

20  others, engage in the collection of debt.

21     66.     Defendants Countrywide used unfair and unconscionable means to collect a debt

22  not owed to Defendant Countrywide or there principal by sending deceptive letters and making

23  phone calls to Plaintiff demanding payment.

24     67.     Defendants Countrywide made false reports to credit reporting agencies about

25  Plaintiff's credit standing, falsely stating the amount of Plaintiff's mortgage debt, falsely stating

26  that a debt was owed to Defendants Countrywide, and falsely stating Plaintiff's payment history.

27     68.     Further, Defendants Countrywide increased the amount of Plaintiff's mortgage debt

28

1  by stating amounts not permitted by law or contract, including, but not limited to, excessive

2  service fees, attorneys' fees, and late charges.

3      69.    Defendants' actions have caused Plaintiff actual damages, including, but not

4  limited to, severe emotional distress, such as loss of appetite, frustration, fear, anger, helplessness,

5  nervousness, anxiety, sleeplessness, sadness and depression.

6      70.    As a result of Defendants' violations, Plaintiff is entitled to statutory damages in an

7  amount to be determined at trial, actual damages according to proof, and costs and reasonable

8  attorneys' fees.

9                    **THIRD CAUSE OF ACTION**

10                          **NEGLIGENCE**

11                     **(Against all Defendants)**

12     71.    Plaintiff incorporates here each and every allegation set forth above.

13     72.    Defendants US Funding and Morris owed a duty to the Plaintiff to exercise

14  reasonable skill and care in the exercise of the agency duties for the Plaintiff's benefit and best

15  interest and to perform acts as brokers of loans in such a manner as to not cause Plaintiff harm.

16     73.    Defendants US Funding and Morris breached their duty to the Plaintiff when they

17  used their knowledge and skill to direct Plaintiff into a loan for which he was not qualified based

18  upon his income as stated in the documents provided to Defendants US Funding and Morris.

19     74.    Defendants US Funding and Morris further breached their duty to Plaintiff by

20  directing him into a loan transaction that they may not have otherwise qualified for by industry

21  standards, resulting in excessive fees paid by the Plaintiff and payments in excess of Plaintiff's

22  ability to pay.

23     75.    Defendant Americahomekey directly ordered, authorized and participated in

24  Defendants US Funding and Morris's conduct. As a result, Defendant Americahomekey owed a

25  duty to the Plaintiff to perform acts in such a manner as to not cause Plaintiff harm.  In addition,

26  Defendant Americahomekey breached their duty of care to the Plaintiff when they failed to make

27  the required disclosures to the Plaintiff, failed to maintain the original Mortgage Note, and failed

28

1  to properly assign or transfer the negotiable instrument(s).

2      76.    Defendant Countrywide owed Plaintiff a duty of due care. Defendant Countrywide

3  breached their duty of care to the Plaintiff when they took payments to which they were not

4  entitled, charged fees they were not entitled to charge, and wrongfully made or otherwise

5  authorized negative reporting of Plaintiff's creditworthiness to various credit bureaus.

6  Additionally, Countrywide had a statutory duty to Plaintiff to property respond to Plaintiff's

7  Qualified Written Request pursuant to 12 U.S.C. § 2605(e), and to give Plaintiff notice of the

8  transfer of the servicing rights to their loan pursuant to 12 U.S.C. § 2605(c).

9      77.    Defendant MERS owed Plaintiff a duty to perform its administrative function

10  recording, maintaining and transferring documents as it relates to Plaintiff's loan in a manner not

11  to cause Plaintiff harm.  Defendant MERS breached its duty to Plaintiff when it failed to receive,

12  maintain or transfer the negotiable instrument related to Plaintiff's loan, communicated false

13  information to others regarding Plaintiff's loan, and authorized others to collect payments on

14  Plaintiff's mortgage.

15      78.    As a result of Defendants' negligence, Plaintiff suffered and continues to suffer

16  harm, and is entitled to damages according to proof and/or other relief as the Court deems just.

17                    **FOURTH CAUSE OF ACTION**

18      **VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES ACT**

19                     **12 U.S.C. § 2605 et seq.**

20           **(Against Defendants Countrywide and Americahomekey)**

21      79.    Plaintiff incorporates here each and every allegation set forth above.

22      80.    The Loan transaction between Plaintiff and Defendants is a mortgage loan covered

23  by RESPA.

24      81.    A violation of RESPA is also made unlawful under California state law by

25  Financial Code § 50505, which states: "[a]ny person who violates any provision of [RESPA] or

26  any regulation promulgated thereunder, violates this division [California Residential Mortgage

27  Lending Act]."

28

82.     Plaintiff is not certain at this time exactly which of Defendants were actually the servicer of the Loan at any given time.  Pursuant to 12 U.S.C. §§ 2605(b) and 2605(c), Defendants Americahomekey and Countrywide had a statutory obligation to notify Plaintiff, within 15 days, of the assignment, sale, or transfer of the servicing rights to Plaintiff's loan.  Defendants Americahomekey and Countrywide failed to provide Plaintiff notice of the assignment, sale, or transfer of servicing rights to Plaintiff's loan.

83.     Defendant Americahomekey violated RESPA at the time of the closing of the Loan subject to this First Amended Complaint by failing to correctly and accurately comply with the disclosure requirements of 12 U.S.C § 2601 et seq. and Regulation X.

84.     Plaintiff had served on Defendant Countrywide a QWR that identified Plaintiff's name, loan number, and a statement of reasons for Plaintiff's belief that the loan was in error. Plaintiff's QWR, among other things, also sought rescission of the loan and requested production of service related documents. Defendant Countrywide violated RESPA, 12 U.S.C. §2605(e)(2), by failing and refusing to provide a proper written explanation or response to Plaintiff's QWR.

85.     Defendant Countrywide has engaged in a pattern or practice of non-compliance with the requirements of the mortgage servicer provisions of RESPA as set forth in 12 U.S.C. §2605.

86.     Defendant Americahomekey further violated 12 U.S.C. § 2607 by receiving "kickbacks" or referral fees disproportional to the work performed.

87.     As a result of Defendant Countrywide and Americahomekey failure to comply with RESPA, Plaintiff has suffered and continues to suffer damages and costs of suit. Plaintiff is entitled to recover statutory damages, actual damages in an amount to be determined at trial, and costs and reasonable attorneys' fees.

/ /

/ /

/ /

/ /

**FIFTH CAUSE OF ACTION**

**BREACH OF FIDUCIARY DUTY**

**(Against Defendants Morris, US Funding, and Americahomekey)**

88.     Plaintiff incorporates here each and every allegation set forth above.

89.     Defendants Morris, US Funding, and Americahomekey were all agents for the Plaintiff by express and implied contract and by operation of law.

90.     Defendant Americahomekey gained a fiduciary duty to Plaintiff by directly ordering, authorizing and participating in Defendants Morris and US Funding's tortious conduct.

91.     Defendant Americahomekey regularly trained, directed, authorized and participated with mortgage brokers to implement this scheme, including giving them monetary incentives to violate the borrowers' trust.

92.     Plaintiff hired Defendants US Funding and Morris as his agents for the purpose of obtaining a Loan to refinance the Property.

93.     Pursuant to an agreement between the parties, Plaintiff agreed to pay Defendants US Funding and Morris a commission from the proceeds of his Loan and agreed to pay Defendant Americahomekey substantial fees to originate his loan.

94.     Defendants US Funding and Morris, by and through their agents, and Defendant Americahomekey through their interjection into the brokerage of the loan as described above, owed a fiduciary duty to the Plaintiff to act primarily for his benefit, to act with proper skill and diligence, and not to make a personal profit from the agency at the expense of their principal, the Plaintiff.

95.     As Plaintiff's agents, Defendants owed Plaintiff a duty of loyalty and a duty to deal fairly with him at all times.

96.     Defendants willfully or recklessly breached their fiduciary duty and duty of loyalty by obtaining a mortgage loan for him that had unfavorable terms and that he could not ultimately afford, by not disclosing the negative consequences of said loan, by securing a secret profit for themselves, by not properly complying with TILA and RESPA requirements, and by engaging in

1  unfair business practices.

2      97.    Defendant Americahomekey, through its own action, interfered with the other

3  Defendants fiduciary obligations by offering Defendant Morris, respectively, training, direction

4  and incentives to breach his fiduciary duty by means of creating and participating in a scheme that

5  created an illusion to consumers that they are being informed of all of the material facts, when in

6  fact they are not.

7      98.    Plaintiff has been damaged as a result of Defendants' breach, and is entitled to

8  actual damages.

9      99.    Defendants consciously disregarded Plaintiff's rights, deliberately breaching their

10  respective fiduciary duties, showing willful misconduct, malice, fraud, wantonness, oppression

11  and entire want of care, thus authorizing the imposition of punitive damages pursuant to

12  California Civil Code § 3294.

13  **SIXTH CAUSE OF ACTION**

14  **FRAUD**

15  **(Against all Defendants)**

16      100.    Plaintiff incorporates here each and every allegation set forth above.

17      101.    As alleged herein, Defendants Morris and US Funding made false representations

18  to Plaintiff regarding material facts, including but not limited to, interest rates, financing options,

19  availability of refinancing, and Plaintiff's qualification for this loan, at the inception of this

20  transaction, designed to fraudulently induce Plaintiff to enter into this transaction.

21      102.    As alleged herein, Defendant Americahomekey regularly trained, directed,

22  authorized and participated with mortgage brokers to implement this fraudulent scheme, training

23  brokers and loan officers to direct unsuspecting borrowers into toxic loan, giving brokers direction

24  as to which toxic loans to direct borrowers into, directing their underwriters to approve loans to

25  these unqualified borrowers and giving the brokers and loan officers monetary incentives to

26  violate the borrowers' trust.

27      103.    As alleged herein, Defendant Countrywide misrepresented to Plaintiff that

28

FIRST AMENDED COMPLAINT

1   Countrywide have the right to collect monies from Plaintiff on its behalf or on behalf of others

2   when Defendant Countrywide had no legal right to collect such monies.

3       104.   As alleged herein, Defendant MERS misrepresented to Plaintiff on the Deed of

4   Trust that it is a qualified beneficiary with the ability to assign or transfer the Deed of Trust and/or

5   the Note and/or substitute trustees under the Deed of Trust.  Further, Defendant MERS

6   misrepresented that it followed the applicable legal requirements to transfer the Note and Deed of

7   Trust to subsequent beneficiaries.

8       105.   These material representations made by Defendants were false.

9       106.   Defendants knew that these material representations were false when made, or

10   these material representations were made with reckless disregard for the truth.

11       107.   Defendants intended that Plaintiff rely on these material representations.

12       108.   Plaintiff reasonably relied on said representations.

13       109.   As a result of Plaintiff's reliance, he was harmed and suffered damages. Plaintiff's

14   reliance on Defendants' false material representations was a substantial factor in causing Plaintiff

15   harm.

16       110.   Additional evidentiary facts constituting fraud in this matter are within Defendants'

17   knowledge and possession and have been secreted by Defendants.

18       111.   Defendants, and each of them, conspired together to perpetrated the fraud alleged

19   herein over the course of several years.

20       112.   Defendants are guilty of malice, fraud and/or oppression, as defined in California

21   Civil Code § 3294.  Defendants' actions were malicious and done willfully, in conscious disregard

22   of the rights and safety of Plaintiff in that the actions were calculated to injure Plaintiff. As such,

23   Plaintiff is entitled to recover, in addition to actual damages, punitive damages to punish

24   Defendants and to deter them from engaging in future misconduct.

25   / /

26   / /

27   / /

28

FIRST AMENDED COMPLAINT

1  **SEVENTH CAUSE OF ACTION**

2  **VIOLATIONS OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200 et seq.**

3  **(Against all Defendants)**

4      113.   Plaintiff incorporates here each and every allegation set forth above.

5      114.   Defendant Countrywide violation of the Rosenthal Act, RESPA, their negligence,

6  fraud and illegal foreclosure activities, as alleged herein, constitute unlawful, unfair, and/or

7  fraudulent business practices, as defined in the California Business and Professions Code § 17200

8  et seq.

9      115.   Defendant Americahomekey violation of TILA, RESPA, their negligence, breach

10  of fiduciary duty, fraud, breach of contract and breach of the implied covenant of good faith and

11  fair dealing, as alleged herein, constitute unlawful, unfair, and/or fraudulent business practices, as

12  defined in the California Business and Professions Code § 17200 et seq.

13      116.   Defendant US Funding and Morris's negligence, breach of fiduciary duty, fraud,

14  breach of contract and breach of the implied covenant of good faith and fair dealing, as alleged

15  herein, constitute unlawful, unfair, and/or fraudulent business practices, as defined in the

16  California Business and Professions Code § 17200 et seq.

17      117.   As a result of Defendants' wrongful conduct, Plaintiff has suffered various

18  damages and injuries according to proof at trial.

19      118.   Plaintiff seeks injunctive relief enjoining Defendants from engaging in the unfair

20  business practices described herein.

21      119.   Plaintiff further seeks restitution, disgorgement of sums wrongfully obtained, costs

22  of suit, reasonable attorneys' fees, and such other and further relief as the Court may deem just and

23  proper.

24  / /

25  / /

26  / /

27

28

**EIGHTH CAUSE OF ACTION**

**BREACH OF CONTRACT**

**OR**

**IN THE ALTERNATIVE**

**RESCISSION OF CONTRACT**

**(Against Defendants Morris and Americahomekey)**

120.    Plaintiff incorporates here each and every allegation set forth above.

121.    Plaintiff entered into an agreement with Defendants Americahomekey and Morris, whereby Defendants promised to provide Plaintiff with an affordable loan.

122.    Plaintiff fully performed his duties under the contract with Defendants Morris and Americahomekey.

123.    Defendants Morris and Americahomekey breached their agreement with Plaintiff when they sold Plaintiff a predatory loan with toxic terms.  Further Defendants Morris and Americahomekey  breached there agreement with Plaintiff by failing to exercise reasonable efforts and due diligence as promised, thus failing to provide Plaintiff with an affordable loan. Defendants also breached their agreement with Plaintiff by committing wrongful acts, including but not limited to, intentionally or negligently failing to obtain payment and interest rates as promised, failing to submit an accurate loan application, failing to supervise, failing to provide loan documents for Plaintiff's review prior to closing, and failing to explain the loan documents to the Plaintiff.  Defendants further breached their duties when they failed to refinance the mortgage as promised, resulting in Plaintiff's payments increasing substantially shortly after the Loan agreement was signed.

124.    In the alternative, no contract existed between Plaintiff and Defendants Morris  and Americahomekey because of a mutual mistake relating to the basic or material contractual terms alleged above.  This mutual mistake was not caused by Plaintiff's neglect of his legal obligations. Defendants Morris and Americahomekey were aware of Plaintiff's mistaken belief with respect to the material terms alleged above, and unfairly utilized that mistaken belief in a manner that

FIRST AMENDED COMPLAINT

1    enabled them to take advantage of the Plaintiff.

2    　　　125.    As a result of Defendants' wrongful conduct, Plaintiff has suffered various

3    damages and injuries according to proof at trial.

4    　　　126.    Plaintiff further seeks rescission of the loan, restitution, disgorgement of sums

5    wrongfully obtained, costs of suit, reasonable attorneys' fees, and such other and further relief as

6    the Court may deem just and proper.

7    **NINTH CAUSE OF ACTION**

8    **BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

9    **(Against Defendants Morris and Americahomekey)**

10    　　　127.    Plaintiff incorporates here each and every allegation set forth above.

11    　　　128.    A duty of good faith and fair dealing was implied by law into the contract at issue

12    in this action at its inception. Defendants' duties of good faith and fair dealing included, but were

13    not limited to, the following: (1) Defendants had a duty to pay at least as much regard to Plaintiff's

14    financial interests as to Defendants' financial interests; (2) Defendants had a duty to comply with

15    all applicable laws in the State of California; (3) Defendants agreed to act in good faith and deal

16    fairly with Plaintiff when they entered into the mortgage and accepted payments from Plaintiff.

17    Defendants thereby assumed obligations of good faith and fair dealing toward Plaintiff and

18    thereby agreed to abide by such obligations.

19    　　　129.    Nevertheless, Defendants breached the implied duty of good faith and fair dealing

20    owed to Plaintiff by, among other things, performing acts and failing to act as alleged herein, and

21    by failing to perform the duties specifically enumerated herein.  Defendants further breached the

22    duty of good faith and fair dealing by:

23    　　　a.    Failing to pay at least as much regard to Plaintiff's interests as to Defendants'

24    　　　　　　interests;

25    　　　b.    Failing to disclose to Plaintiff the true nature of the loan that is the subject of this

26    　　　　　　action;

27    　　　c.    Failing to give Plaintiff the requisite notice and disclosures;

28

1     d.      Directing Plaintiff into a toxic loan.

2      130.      In the absence of a reasonable basis for doing so, and with full knowledge and

3 reckless disregard of the consequences, Defendants acted in bad faith toward Plaintiff by, among

4 other things, failing to comply with all applicable laws.

5      131.      Plaintiff is informed and believes, and thereon alleges that Defendants have a

6 pattern and practice of similar bad faith conduct toward other borrowers who are similarly

7 situated.

8      132.      As a proximate result of Defendants' breaches of the covenant of good faith and

9 fair dealing alleged herein, Plaintiff has suffered damages, incurred attorneys' fees and costs to

10 recover the Property, suffered a loss of reputation and goodwill, suffered emotional distress, and

11 suffered other economic losses and damages in amounts not yet fully ascertained but within the

12 jurisdiction of this Court.

13      133.      Defendants pursued said course of conduct intentionally and maliciously and in

14 conscious disregard of the rights of the Plaintiff.  Further, Defendants' refusal to follow through

15 with their duty to assist Plaintiff was made with the intent to intimidate, vex and harass Plaintiff

16 so as to discourage him from pursuing his legal rights under the mortgage law.  In order to deter

17 such conduct of Defendants in the future, and to prevent repetition thereof as a practice, by way of

18 punishment and as example, Plaintiff prays that exemplary damages be awarded according to

19 proof at trial pursuant to California Civil Code § 3294.

20                  **DEMAND FOR JURY TRIAL AND PRAYER FOR DAMAGES**

21      Plaintiff William Bardin demands a trial by jury.

22      WHEREFORE, Plaintiff prays for judgment and order against Defendants, as follows:

23      1.      That judgment be entered in Plaintiff's favor and against Defendants, and each of

24             them;

25      2.      For an order requiring Defendants to show cause, if they have any, why they should

26             not be enjoined as set forth below, during the pendency of the action;

27      3.      For a temporary restraining order, preliminary and permanent injunction preventing

28

1     Defendants, or anyone acting in concert with them, from collecting on the subject

2     Loan and from causing the Property to be sold, assigned or transferred to a third

3     party;

4     4.     For an order stating that Defendants engaged in unfair business practices;

5     5.     For damages, disgorgement, and injunctive relief under California's common and

6     statutory law of unfair business practices;

7     6.     For compensatory and statutory damages, attorneys' fees and costs according to

8     proof at trial;

9     7.     For exemplary damages in an amount sufficient to punish Defendants' wrongful

10     conduct and deter future misconduct;

11     8.     For such other and further relief as the Court may deem just and proper.

12

13 DATED: September 28, 2009

14     Respectfully submitted

15     /s/ Michael J.M. Brook

16     MICHAEL J.M. BROOK
    Attorney for Plaintiff William Bardin

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT

**PROOF OF SERVICE**

STATE OF CALIFORNIA  )
          )ss.
COUNTY OF SACRAMENTO )

   I am a citizen of the United States and a resident of the County of Sacramento.  I am over the age of 18 years and not a party to the within above-entitled action; my business address is 2882 Prospect Park Dr, Ste 350, Rancho Cordova, California, 95670

   On this date I served the foregoing document described as follows: **FIRST AMENDED COMPLAINT**

on the following interested parties in this action:

SEE ATTACHED SERVICE LIST

   The following is the procedure in which service of this document was effected:

❏  Facsimile, Time: _____ P.M.; Date:

❏  Federal Express, Priority Overnight

❏  United Parcel Service, Next Day Air

❏  United States Mail,

✓  By Electronic Mail - I hereby certify that I electronically transmitted the attached document(s) to the Clerk's Office using the CM/ECF System for filing and transmittal of Notice of Electronic Filing to the above listed CM/ECF registrants.

   I declare under penalty of perjury that the foregoing is true and correct under the laws of the State of California and that this declaration was executed on September 28, 2009 at Sacramento, California.

        /s/ Liliana A. Chavez C._____
        LILIANA A. CHAVEZ C.

## SERVICE LIST

| | |
|---|---|
| **David Nathan de Ruig** | Representing |
| Bryan Cave LLP | |
| 2 Embarcadero Center, Suite 1410 | Defendant Countrywide Home Loans, Inc. |
| San Francisco , CA 94111 | |
| Email: david.deruig@bryancave.com | Defendant Mortgage Electronic Registration |
| | Systems, Inc. |
| **Robert Alan Padway** | |
| Bryan Cave LLP | |
| 2 Embarcadero Center, Suite 1410 | |
| San Francisco , CA 94111 | |
| Email: robert.padway@bryancave.com | |

| | |
|---|---|
| **Jeffrey Dean Farrow** | Representing |
| Michelman & Robinson, LLP | |
| 4 Hutton Centre, Suite 300 | Defendant America Homekey, Inc. |
| Santa Ana , CA 92707 | |
| Email: jfarrow@mrllp.com | |