1  Michael Brook (SBN 139595)
   Lanahan & Reilly LLP
2  Attorneys at Law
   600 Bicentennial Way, Suite 300
3  Santa Rosa, California 95403
    (707) 524-4200 FAX (707) 523 4610
4  e-mail mbrook@lanahan.com
   Attorneys for Plaintiff
5
   **Jeffrey Dean Farrow**
6  Michelman & Robinson, LLP
   4 Hutton Centre, Suite 300
7  Santa Ana, CA 92707
   jfarrow@mrllp.com
8  Attorneys for Defendant Americahomekey, Inc.

9  **BRYAN CAVE LLP**
   **Robert Alan Padway**, California Bar No. 48439
10 David N. de Ruig, California Bar No. 258005
   2 Embarcadero Center, Suite 1410
11 San Francisco, CA 94111
   Telephone:  (415) 675-3400
12 Facsimile:   (415) 675-3434
   robert.padway@bryancave.com
13 david.deruig@bryancave.com
   Attorneys for Defendants Countrywide Home Loans, Inc. and Mortgage Electronic
14 Registration Systems, Inc.

15
16
17            UNITED STATES DISTRICT COURT
18            EASTERN DISTRICT OF CALIFORNIA
19
20
21  WILLIAM D. BARDIN                    CASE NO.: 2:09-cv-01593

            Plaintiff,                   JOINT STATUS REPORT
22  v.

23  COUNTRYWIDE HOME LOANS;
    AMERICAHOMEKEY, INC.; MORTGAGE
24  ELECTRONIC REGISTRATION SYSTEMS,
    INC.; US FUNDING GROUP, INC.;
25  RAYMOND A. BOWDEN; JOHN MORRIS
    and DOES 1-20 inclusive,
26
            Defendants.
27
28

505066                          - 1 -
                          JOINT STATUS REPORT

Pursuant to Federal Rule of Civil Procedure 16, Civil Local Rule 16-240, and this Court's Order Setting Status (Pretrial Scheduling Conference), Plaintiff William D. Bardin ("Plaintiff") and Defendants Countrywide Home Loans, Inc. ("COUNTRYWIDE"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and America Homekey, Inc. ("America Homekey") (collectively, "Defendants") submit their Joint Status Report. Defendants U.S. Funding Group, Inc. and John Morris have not yet appeared in this matter. **Please note: On August 6, 2009, Defendants COUNTRYWIDE and MERS filed a Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and a Motion to Strike Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(f). Those Motions are set for hearing before this Court on October 13, 2009, at 2:00 p.m. Thereafter, on September 28, 2009, Plaintiff filed an amended complaint. Defendants COUNTRYWIDE and MERS intend to file Motions to Dismiss and Strike Plaintiff's First Amended Complaint. Therefore, if this Court determines it appropriate to vacate the October 19, 2009 Status Conference and reschedule it for a later date, the parties are amenable to and respectfully suggest that it may be more efficient to reschedule the Status Conference until after the pleadings have been finalized.**

## JOINT STATUS REPORT

### A. Summary of Claims

**Plaintiff's Statement:**

This action arises out of loans to the Plaintiff relating to his home. Defendant Morris was the agent of the mortgage broker, defendants U. S. Funding Group, Inc. and Raymond D. Bowden, Countrywide Home Loans, and America Home Key, Inc. are the lender, and MERS the Lender's 'nominee" on the deed of trusts securing the loans.

Briefly, on or about October 04, 2005, Defendant Morris approached Plaintiff telling him that he was the loan officer for Defendant US Funding Group and solicited him to refinance his residence. Defendant Morris advised Plaintiff that he could get him the "best deal" and the "best

505066                                                    - 2 -

interest rates" available on the market.

When Plaintiff applied for this loan, he accurately described his income and provided Defendant Morris with documentation of his income including tax returns, bank statements and W-2s. Plaintiff is now informed and believes, and thereon alleges that his income was over stated on the loan application by Defendant Morris, without his knowledge or permission. Defendant Morris overstated Plaintiff's income in the amount of $2,900.00. Plaintiff is informed and believes, and thereon alleges that Defendant underwriters knew or should have known of the fraudulent information on the loan application but approved the loan anyway.

Defendant Morris further advised Plaintiffs that he could get them 100% financing for their residence, and the only loan program available for him was an option arm. Defendant Morris sold Plaintiff a loan at 3% interest with an adjustable rate with an index based on a 12 month average of the monthly average yields.

Plaintiffs have brought causes of action arising under TILA, RESPA, and Regulation Z, with additional claims under California State Law, including fraud, and contend that Defendants fraudulently induced Plaintiffs into accepting this loan and Defendants Countywide and MERS are not "person(s) entitled to enforce" the Deed of Trust.

**Defendants' Statement:**

Defendants deny Plaintiff's claims.

**B.    Status of Service of Process on Parties Not Yet Served**

**Plaintiff's Statement:** U.S. Funding Group, Inc. has not been served.

**C.    Joinder of Parties**

The parties do not intend to add any new parties at this time.

**D.    Anticipated Amendment of Pleadings**

**Plaintiff's Statement:** Plaintiff filed an amended complaint on September 28, 2009.

**Defendant America Homekey's Statement:** Defendant America Homekey filed an answer on July 7, 2009 (Docket #9).

**Defendant MERS and COUNTRYWIDE'S Statement:** Defendants MERS and COUNTRYWIDE intend to file a Motion to Dismiss Plaintiff's First Amended Complaint pursuant

505066

- 3 -

JOINT STATUS REPORT

to Federal Rule of Civil Procedure 12(b)(6), and a Motion to Strike portions of Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(f).

### E. Statutory Basis for Jurisdiction and Venue

This Court has subject matter jurisdiction as Plaintiff has asserted violations of the Truth-in-Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.* Consequently, this Court has supplemental jurisdiction over the related state law claims asserted by Plaintiff pursuant to 28 U.S.C § 1367. This Court has personal jurisdiction over all of the parties as they are all located in California. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff has alleged that Defendants committed each of the wrongful acts within this judicial district, and the Subject Property is located in this judicial district.

### F. Anticipated Discovery

There is no outstanding discovery at this time. However, Plaintiffs and Defendants intend to conduct discovery after the pleadings have been finalized.

### G. Anticipated Discovery & Scheduling of Discovery

**Plaintiff's Statement:** The parties will conduct discovery regarding the factual basis of Plaintiff's claims and Defendants' defenses.

**Defendants MERS and COUNTRYWIDE's Statement:** The Motions to Dismiss and Strike by Defendants COUNTRYWIDE and MERS will be directed to all claims and causes of action asserted against these defendants in Plaintiff's First Amended Complaint. As such, resolution of those Motions favorable to these defendants will dispose of the case as to them. For this reason, among others, discovery should be deferred pending resolution of this Motion (and any further motions to dismiss directed to such subsequent amendments to Plaintiff's First Amended Complaint) so that this Court's and the parties' litigation and discovery resources are not directed to claims and allegations that may be dismissed by the Court for failure to state a claim upon which relief can be granted. *See, e.g., Rutman Wine Co. v. E.&J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).

Plaintiffs and Defendants agree as follows:

505066

- 4 -

JOINT STATUS REPORT

1. In light of Defendants MERS and COUNTRYWIDE's pending Motion to Dismiss and Strike, that initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) be deferred until after Defendants have answered Plaintiff's then-operative complaint (*see, e.g.*, *Rutman Wine Co. v. E.&J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987);

2. The scope and nature of discovery will be determined once the pleadings have been finalized, without phases; and

3. No changes to the limitations on discovery imposed under Federal Rules of Civil Procedure 30, 31, and 33 are requested.

**H.    Scheduling of Future Proceedings**

The parties propose as follows:

| | | |
|---|---|---|
| 1. | Initial Expert Disclosure Cutoff Date: | 75 days prior to discovery cut-off |
| 2. | Rebuttal Expert Disclosure Cutoff Date: | 50 days prior to discovery cut-off |
| 3. | Discovery Cutoff Date: | 30 days prior to final pretrial conference |
| 4. | Law and Motion Cutoff Date: | 30 days prior to final pretrial conference |
| 5. | Final Pretrial Conference: | 2 weeks before trial |
| 6. | Trial: | To be set by the Court |

**I.    Modification of Standard Pretrial Procedures**

The parties do not recommend any modification.

**J.    Trial**

If necessary, the parties suggest that trial be scheduled for ten days. Plaintiff and Defendant America Homekey have requested a jury trial.

**K.    Related Cases**

There are no related cases. However, Defendant America Homekey notes that Plaintiff has

505066
- 5 -
JOINT STATUS REPORT

filed a similar lawsuit entitled WILLIAM D. BARDIN v. BANK OF AMERICA, AMERICA HOMEKEY, INC. MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., U.S. FUNDING GROUP, INC., JOHN MORRIS, in the United States District Court, Eastern District of California, Case No. 2:09-CV-01592-GEB-KJM. Both lawsuits involve similar claims and parties, but involve separate properties.

**L.   Settlement**

The parties are amenable to stipulating to the trial judge acting as settlement judge. Additionally, Plaintiff and Defendants COUNTRYWIDE, MERS and America Homekey are amenable to determining whether Plaintiff is qualified for a loan modification or other workout of the loan. The parties request a settlement conference after the close of discovery and dispositive motions are heard.

**M.   Statement of Any Nongovernmental Corporate Party**

**Statement of Defendants Countywide and MERS:** Countrywide Home Loans, Inc. is a wholly-owned subsidiary of Countrywide Financial Corporation.

Countrywide Financial Corporation is a wholly-owned subsidiary of Bank of America Corporation, which is a publicly-traded entity. Neither Countrywide Financial Corporation nor Countrywide Home Loans, Inc. issues stock to the public.

Bank of America Corporation, which owns 100% of Countrywide Financial Corporation, is publicly traded on the NYSE (BAC).

The nongovernmental corporate party, Mortgage Electronic Registration Systems, Inc., has the following parent corporation and publicly held corporation that owns 10% or more of its stock:

Mortgage Electronic Registration Systems, Inc. is a wholly-owned subsidiary of MERSCORP, Inc., a privately held Delaware stock corporation.

The parties request to hold any joint status conference telephonically.

Dated: October 1, 2009

**BRYAN CAVE LLP**
Robert E. Boone III
Robert A. Padway
David N. de Ruig

By: /s/ David N. de Ruig
David N. de Ruig
Attorneys for Defendants
COUNTRYWIDE HOME LOANS, INC., and
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.

Dated: October 1, 2009

**LANAHAN & REILLEY LLP**
Michael J.M. Brook

By: /s/ Michael J.M. Brook
Michael J.M. Brook
Attorney for Plaintiff
MICHAEL D. BARDIN

Dated: October 1, 2009

**MICHELMAN & ROBINSON, LLP**
Jeffrey Dean Farrow

By: /s/ Jeffrey Dean Farrow
Jeffrey Dean Farrow
Attorney for Defendant
AMERICA HOMEKEY, INC.