IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM BARDIN,                        )
                                       )
            Plaintiff,                 )    2:09-cv-01593-GEB-KJM
                                       )
      v.                               )    ORDER DECLINING TO EXERCISE
                                       )    SUPPLEMENTAL JURISDICTION OVER
COUNTRYWIDE HOMELOANS, INC., BAC       )    PLAINTIFF'S STATE LAW CLAIMS*
HOME LOANS SERVICING, LP, A            )
SUBSIDIARY OF BANK OF AMERICA,         )
N.A.; AMERICAHOMEKEY; MORTGAGE         )
ELECTRONIC REGISTRATION SYSTEMS,       )
INC.; US FUNDING GROUP, INC.; JOHN     )
MORRIS and DOES 1-20, inclusive        )
                                       )
            Defendants.                )
                                       )

On October 13, 2009, Defendants Countrywide Home Loans, Inc. ("CHL"), Mortgage Electronic Registration Systems, Inc. ("MERS") and BAC Home Loan Servicing, LP ("BAC Servicing")(collectively, "Defendants") filed a motion under Federal Rule of Civil Procedure 12(b)(6) in which they seek dismissal of Plaintiff's first amended complaint. Defendants also move under Federal Rule of Civil Procedure 12(f) to strike Plaintiff's request for punitive damages. Plaintiff

---

        *    This matter is deemed to be suitable for decision without oral argument. E.D. Cal. R. 230(g).

alleges in his first amended complaint nine claims under state and federal law against six defendants concerning a mortgage loan transaction involving property located at 4525 McDonald Drive, in Sacramento, California.  (First Amended Compl. "FAC" ¶ 6.)

Subject matter jurisdiction is premised upon the existence of federal questions, however, the federal claims have been dismissed. (FAC ¶ 1.)  Plaintiff had alleged federal claims under two different federal acts in his first amended complaint: the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA"). Plaintiff's TILA claims were alleged against Americahomekey, but those claims and Americahomekey were dismissed from this action through an order filed on February 1, 2010, which issued in accordance with the stipulated dismissal Plaintiff and Americahomekey filed on January 19, 2010.  Plaintiff's amended complaint also alleged a RESPA claim against CHL; however, in his opposition brief to the pending motion Plaintiff "dismiss[es], without prejudice" his RESPA claim against the "Moving Defendants."  (Opp'n 15:2-3.)  Therefore, only Plaintiff's state claims remain.

Under 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction over a [state] claim" if "the district court has dismissed all claims over which it has original jurisdiction . . . ."  "While discretion to decline . . . supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the . . . values of economy, convenience, fairness and comity" as delineated by the Supreme Court in United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).  Acri v. Varian Associates, Inc., 114 F.3d 999, 1001 (9th Cir. 1997)(en banc).  "Since state courts have the primary

NAV

responsibility to develop and apply state law, . . . the <u>Gibbs</u> values
do not favor continued exercise of supplemental jurisdiction over
Plaintiff's state claims . . . ."  <u>Anderson v. Countrywide Financial</u>,
No. 2:08-cv-01220-GEB-GGH, 2009 WL 3368444, at *5 (E.D. Cal. Oct. 19,
2009); <u>see also</u> <u>Wade v. Regional Credit Ass'n</u>, 87 F.3d 1098, 1101 (9th
Cir. 1996)(stating that "where a district court dismisses a federal
claim, leaving only state claims for resolution, it should decline
jurisdiction over the state claims and dismiss them without
prejudice").  Accordingly, Plaintiff's state claims are dismissed
without prejudice under 28 U.S.C. § 1367(c)(3) and this case shall be
closed.

Dated:  February 1, 2010

GARLAND E. BURRELL, JR.
United States District Judge